PARKER v. STATE.

Ohio Appeals, 5th Dist., Muskingum Co.

No. 352. Decided Nov. 22, 1927.

Syllabus by Editorial Staff.

**661. INTOXICATING LIQUOR.**

Testimony, that witnesses saw defendant throw bottle into river, not sufficient evidence to support conviction of unlawful possession.

Error to Common Pleas.

Judgment reversed.

STATEMENT OF FACTS

The affidavit in this case charges defendant with the unlawful possession of intoxicating liquors.

The usual petition in error was filed and and among the grounds alleged therein is that the judgment and sentence of the court is against the evidence in the case and the manifest weight thereof.

One Morgan Morgan was the owner of a fishing camp on the east bank of the Muskingum River, and, just prior to the time alleged in the affidavit in this case, had leased this camp to three men named Prindle, Noon and Mumford. Morgan was residing about a half mile farther up the river. Plaintiff in error, Frank Parker, was a coal miner, living in a cottage near this camp. On the day in question the three lessees were at the camp at about 10 o'clock in the morning, and Morgan had come down from his home to the camp and was talking to Prindle, who was preparing breakfast. While these men were thus engaged, two men named Newton and Andrews drove up in a Dodge Sedan, came over to Morgan and Prindle and engaged them in a conversation, and asked them for some coffee, which was given them. These two men produced two and one-half pints of whiskey and offered Prindle and Morgan a drink and poured some for themselves in the cup of coffee. Shortly after this, Newton and Andrews threw one of the bottles, which was almost

empty, out into the weeds. The evidence shows that Newton put the other bottle back into the car that they were driving. Shortly after this occurrence, Sheriff Henery of Morgan County, together with J. C. Yates, a Prohibition Officer of Athens County, and three other men, came down upon the camp and searched about for liquor. Andrews then said, "Search my car," which was accordingly done and one or two bottles full of a liquid found in the car, and upon searching about in the woods one of the officers found a bottle that had been thrown out there by Andrews.

The plaintiff in error contends that he had been down by the river bank, going down there directly from his home and had not been about the camp, and had had no conversation with any of the men at the camp. The evidence shows that Sheriff and Yates, the Prohibition Officer, went down to where Parker was on the river bank, and their claim is that they saw him throw a bottle in the river. The evidence shows that Yates then held a gun against Parker and ordered him to tell where the whiskey was or they would kill him and throw him in the river. Parker claimed that he knew nothing of the whiskey and told them they would have to kill him. Thereupon the officers arrested Parker, took him up to the camp, and from there to jail at McConnelsville, Ohio, and later brought him to jail at Zanesville, Muskingum County, Ohio.

### OPINION OF COURT.

The following is taken, verbatim, from the opinion.

LEMERT, J.

The record in this case is not clear as to the throwing of a bottle in the river, as to whether or not that bottle was thrown in the river by Andrews or Parker, but the evidence fails to show as to what, if anything, was in that bottle, that is, the contents of the bottle. The evidence tends to show that there were some packages of some kind placed in the car, but the evidence fails to show what was in those packages. The evidence further fails to show that they were the same packages placed in the car as testified to by the Prohibition Officers, that were taken from the car after the apprehension or arrest of Parker.

The affidavit in this case charged the defendant below with possessing intoxicating liquors, to-wit, whiskey. We fail to find any place in the record that the evidence shows that Frank Parker at any time possessed any whiskey. There were some exhibits introduced in evidence in this case by the State, over the objection of the defendant, and the record fails to show that the exhibits were whiskey or that they were in the possession at any time of Frank Parker. In fact, the only evidence in this record tending to show that Parker possessed any whiskey was the statement of the Sheriff, Henery, and Yates, that they saw Parker throw a bottle into the river, and the plaintiff in error denies having thrown any such bottle into the liver.

To find the defendant guilty in this case the Court must guess, surmise or presume, that whatever was thrown in the river was a bottle, and must further presume that that bottle contained whiskey; otherwise the plaintiff in error could not be found guilty.

We therefore find from the record in this case that the finding and judgment of the court below was against the manifest weight of the evidence and that the record fails to show the guilt of the plaintiff in error beyond a reasonable doubt.

(Shields and Houck, JJ., concur.)